## CIRCUIT COURT OF HENRICO COUNTY

Trost et al.

v.

Peugeot Motors
of Am. et al.

June 19, 1990

Case No. CL89-169

By JUDGE GEORGE F. TIDEY

The matter before the Court is brought by the plaintiff's Motion for Judgment and based on Virginia Code Section 59.1-207.9 *et seq.* This section is titled The Motor Vehicle Warranty Enforcement Act.

The facts are not in dispute. A short summary shows that the plaintiffs purchased a new Peugeot from Haywood-Clarke. Haywood-Clarke is an authorized dealer. Haywood-Clarke received the vehicle from the defendant, Eastern Auto Distributors, Inc., who in turn had received the vehicle from the defendant, Peugeot Motors of America. During the first year, there were various problems with the vehicle. All repairs were made by Haywood-Clarke, pursuant to the warranty, and reimbursed by the defendants. The vehicle was out of service due to repair for a cumulative total of more than thirty calendar days during the first calendar year. The plaintiffs gave the appropriate notice to the defendants by a letter dated January 9, 1989. Within fifteen days, the defendants responded, inspected the vehicle, and found that all warranty repairs had been made. The vehicle is presently in the possession of the plaintiffs. Its current mileage is approximately 34,000 miles.

It is the plaintiffs' position that because the vehicle was out for repairs more than thirty calendar days during the first year, that they are entitled to the remedies under the statute based on the presumption of non-conformity established in the statute. The defendants can rebut the presumption by showing that the nonconformity was a result of abuse, neglect, or unauthorized modification or alteration of the motor vehicle by the consumer. The defendants, on the other hand, say that they have complied with the statute by inspecting the vehicle within fifteen days of the notice and discovering that all problems had previously been fixed.

As opposed to the other statutes which have been cited to the Court, the Virginia Statute in § 59.1-207.10 indicates the intent of the General Assembly in adopting this Act. In a provision of the statute, it says:

> It is the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by a specified period of time. It is further the intent of the General Assembly to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a refund for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer.

Section 59.1-207.13(D) states:

> If at the time such notice is given either of the conditions set forth in subsection B of this section already exists, the manufacturer shall be given an additional opportunity, not to exceed 15 days, to correct or repair the nonconformity.

It is undisputed that at the time the defendants' representatives inspected the plaintiffs' vehicle, all of the warranty problems had been repaired. The question for the Court to decide is whether or not this fact means that the defendants have complied with the statute and thus are not liable to the plaintiff under the statute.

In reading the Act in its totality, it appears to the Court that the General Assembly intended to involve more than just the dealer to insure that the consumer was protected. The Act specifically brought the manufacturer into the controversy and thus eliminated any shield they might assert by referring the consumer to the dealer. It also is apparent that once the manufacturer was in the dispute, it was given an opportunity to correct the nonconforming vehicle. The Act specifically provides that the manufacturer must, within fifteen days after receiving notice, correct or repair the nonconformity. That was done in this case. The only question is whether or not that applies where a motor vehicle has been out of service for more than thirty days. It is the opinion of the Court that the mere fact that the car has been out of service for more than thirty days does not automatically entitle the consumer to recover. To hold otherwise would create a *per se* rule of liability. I do not feel that that was the intention of the General Assembly.

Accordingly, the Court will find for the defendants.